IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| THOMAS FRANK SCHMIDT, | ) | Civil No. 26-00180 MWJS-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO |
| vs. | ) | DENY PLAINTIFF'S MOTION |
| | ) | FOR DEFAULT JUDGMENT |
| PROGRESSIVE CASUALTY | ) | (FRCP 55(b)) |
| INSURANCE COMPANY, a foreign | ) | |
| corporation; PROGRESSIVE | ) | |
| UNIVERSAL INSURANCE | ) | |
| COMPANY, a foreign corporation; | ) | |
| JOHN DOES 1–10; JANE DOES 1– | ) | |
| 10; and DOE ENTITIES 1–10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (FRCP 55(b))

On March 12, 2026, Plaintiff Thomas Frank Schmidt ("Plaintiff") filed a

complaint in the Circuit Court of the First Circuit, State of Hawaii.  ECF No. 1-1 at

5–12.  On April 6, 2026, Defendants Progressive Casualty Insurance Company and

Progressive Universal Insurance Company (collectively, "Defendants") removed

the case to federal court.  ECF No. 1.  On April 13, 2026, Defendants filed a

Motion to Dismiss Complaint [Dkt. No. 1-1].  ECF No. 6.

On April 29, 2026, Plaintiff filed a Motion for Default Judgment (FRCP

55(b)) ("Motion").  ECF No. 10.  The Court elects to decide this matter without a

hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States

District Court for the District of Hawaii.  For the reasons set forth below, the Court

FINDS AND RECOMMENDS that the district court DENY the Motion.

DISCUSSION

Federal Rule of Civil Procedure 55 governs the process for entry of default

and default judgment:

> (a)  **Entering a Default.**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b)  **Entering a Default Judgment.**
>
> >  (1)  *By the Clerk.*  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> >  (2)  *By the Court.*  In all other cases, the party must apply to the court for a default judgment. . . .

Fed. R. Civ. P. 55(a)-(b).  The Ninth Circuit Court of Appeals has explained

Rule 55 as requiring a "two-step process" consisting of:  (1) seeking the clerk's

entry of default; and (2) filing a motion for entry of default judgment.  *See*

*Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting

the "two-step process of 'Entering a Default' and 'Entering a Default Judgment'");

2

*Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55.").

Plaintiff has not sought entry of default against Defendants, and the Clerk of Court has not entered default against Defendants.  Moreover, Defendants have entered an appearance and are defending this case.  The Court thus recommends that the district court deny the Motion.

CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Motion for Default Judgment (FRCP 55(b)) (ECF No. 10).

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 7, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Schmidt v. Progressive Cas. Ins. Co., et al.*, Civil No. 26-00180 MWJS-KJM; Findings and Recommendation to Deny Plaintiff's Motion for Default Judgment (FRCP 55(b))